IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARCUS DEVON REID,<br>          Plaintiff,<br>v.<br><br>PRINCE GEORGE'S COUNTY<br>DEPARTMENT OF CORRECTIONS et al.,<br>          Defendants. | *<br><br>*    CIVIL ACTION NO. PWG-14-1692<br>*<br><br>*<br>***  |

## **MEMORANDUM OPINION**

Pending is a Motion for Summary Judgment filed by Prince George's County Department of Corrections and Cpl. Emma Alfaro. ECF 7. Plaintiff has not filed a response.[1] Upon review of the papers and exhibits filed, I find an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be granted.

### Background

The case was instituted upon receipt of a civil rights Complaint filed by Plaintiff Marcus Devon Reid. ECF 1. Plaintiff claims that On September 25, 2013, while incarcerated at the Prince George's County Department of Corrections, he was given mail by Corporal Alfero from his attorney that had been opened outside of his presence and had tape on it. Plaintiff asked Alfero why the mail was opened out of his presence. Alfero replied that she did not mean to open it and left the unit. Plaintiff claims that when he opened the envelope he found six of his outgoing letters to his family in the envelope. *Id.* at 3.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on January 6, 2015, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF 8. Plaintiff also was informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

1

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247–48 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e) (alteration in original)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

**A. Prince George's County Department of Corrections**

To sustain an action under 42 U.S.C. § 1983, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because the Prince George's County Department of Corrections is not a "person" subject to suit or liability under 1983, Plaintiff's complaint against it shall be dismissed.

**B. Mail Claim**

On September 25, 2013, Alfaro was employed by the Prince George's County Department of Corrections as a mail officer whose duties included processing inmate mail. ECF 7-1. Staff in

the Office of Finance were tasked with sorting incoming inmate mail into two piles, legal mail and personal mail. *Id.* Alfaro retrieved the mail from the Office of Finance and inspected the mail in the "personal" pile by opening each envelope to check for contraband. When she inspected the envelope addressed to Plaintiff, she realized it was correspondence form an attorney. *Id.* Alfaro taped the envelope shut without looking at the contents and went to Plaintiff's housing unit to deliver the envelope to Plaintiff personally, explaining that she accidentally opened it. *Id.*

Prisoner claims regarding legal mail are typically analyzed as access to the courts claims. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff has alleged no actual injury or specific harm that he suffered as a result of the mishandling of his outgoing legal mail. Likewise, to state a claim based on delay or non-delivery of legal mail, a prisoner must allege an adverse consequence as basis for allegation that delay or non-delivery deprived him of meaningful access to the courts. *See Lewis*, 518 U.S. at 349; *see also Morgan v. Montanye*, 516 F.2d 1367 (2d Cir. 1975) (single interference did not violate Sixth Amendment). Isolated instances of mishandling of inmate mail do not constitute valid constitutional claims. *Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (isolated incident of mishandling does not show actionable pattern or practice). Occasional incidents of delay or non-delivery of mail do not rise to a constitutional level. *Gardner v. Howard*, 109 F.3d 427, 430–31 (8th Cir. 1997); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990). The only evidence Plaintiff offers of injury are conclusory statements in his complaint that the conduct of correctional staff violated his constitutional rights. This does not suffice to allege actual injury as a result of a single irregularity in the processing of his mail.

## Conclusion

Defendants' Motion for Summary Judgment will be granted. A separate Order follows.

Date: August 3, 2015

_____
Paul W. Grimm
United States District Judge